**CT Corporation**

**Service of Process Transmittal**
08/10/2015
CT Log Number 527613465

**TO:**   Anne Parks
Gander Mountain Company
180 5th St E Ste 1300
Saint Paul, MN 55101-1664

**RE:**   **Process Served in Tennessee**

**FOR:**   Gander Mountain Company (Domestic State: MN)

RECEIVED
AUG 12 2015

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Bradley A. Barnett, Pltf. vs. Big Game Treestands, Inc., et al. including Gander Mountain Company, Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, et al. - 162page(s) not including the transmittal |
| **COURT/AGENCY:** | Knox County Circuit Court, TN<br>Case # 340215 |
| **NATURE OF ACTION:** | Product Liability Litigation - Negligence - Failure to warn of defective Guardian Tree Stand |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Knoxville, TN |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/10/2015 postmarked: "Illegible" |
| **JURISDICTION SERVED :** | Tennessee |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service of the summons, exclusive of the date of service |
| **ATTORNEY(S) / SENDER(S):** | Douglas C. Weinstein<br>Rutherford Weinstein Law Group PLLC<br>418 South Gay Street, Suite 204<br>PO Box 1668<br>Knoxville, TN 37901<br>865-544-0550 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 781128159139<br><br>Email Notification, Anne Parks anne.parks@gandermountain.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 800 S. Gay Street<br>Suite 2021<br>Knoxville, TN 37929-9710 |
| **TELEPHONE:** | 216-802-2121 |

Page 1 of  1 / MH

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

# COLLECTIVE EXHIBIT A



CERTIFIED MAIL

7034 0510 0001 7984 6472

RUTHERFORD◆WEINSTEIN
LAW GROUP PLLC
The Phoenix Building
418 South Gay Street
Suite 304
Knoxville, Tennessee 37902

Gander Mountain Co.
C/o CT Corporation
800 S. Gay Street, Suite 2021
Knoxville, TN 37929

## STATE OF TENNESSEE THE CIRCUIT COURT FOR KNOX COUNTY
## SUMMONS

**BRADLEY A. BARNETT,**
    *Plaintiff,*

       )
       )
       )   **FILED**

v.

       )
2015 JUL 31 AM 9 40  No. **3-402-15**

**BIG GAME TREESTANDS, INC.,**
**MAINSTREAM HOLDINGS, INC. and**
**GANDER MOUNTAIN COMPANY,**
    *Defendant.*

CATHERINE F. QUIST
CIRCUIT COURT CLERK

       )

You are hereby summoned and required to serve upon **Douglas C. Weinstein** plaintiffs' attorneys, whose

address is P. O. Box 1668, Knoxville, TN 37901, an answer to the complaint herewith served upon you within 30 days

after service of this summons and complaint upon you, exclusive of the day of service.  You will file the original with

the Court.  If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this **31st** day of **July**, 2015.

                                       Clerk

                                       Deputy Clerk

### NOTICE

TO THE DEFENDANT:

    Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment.  If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court.  This list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list.  Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacle necessary to contain such apparel, family portraits, the family Bible, and school books.  Should any of these items be seized, you would have the right to recover them.  If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

### SERVICE INFORMATION

**TO BE SERVED BY ATTORNEY: Defendant Gander Mountain Company may be served through CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.**

### RETURN

I received this summons on the _____ day of _____, 2014.  I hereby certify and return that

on the _____ day of _____, 2014, I: (\_\_\_) served this summons and complaint on the defendant

in the following manner:

_____

(   ) failed to serve this summons within 30 days after its issuance because _____

_____

                                        Process Server

The Americans with Disabilities Act prohibits discrimination against any qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disabilities Act, if necessary, the Tennessee Judicial Branch will provide reasonable modifications in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written **Request for Modification** to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial proceeding, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator (www.tncourts.gov)

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

Pat Carson, Compliance Officer
Knox County Human Resources Office
Suite 360, City-County Building
400 Main Street, Knoxville, Tennessee 37902
Voice Phone: (865) 215-2952 TTY: (865) 215-2497

If you need assistance, have questions or need additional information, you may also contact the Tennessee Judicial Program ADA Coordinator:

Pamela Taylor, Manager/Coordinator
State Judicial ADA Program
Administrative Office of the Courts
Nashville City Center
Suite 600, 511 Union Street
Nashville, Tennessee 37219
Telephone (615) 741-2687 FAX: (615)741-6285

The Tennessee Judicial Branch's Americans with Disabilities Act Policy regarding access to judicial program, as well as a Request for Modification form may be found online at www.tncourts.gov.

FILED

2015 JUL 31  AM 9 39

**IN THE CIRCUIT COURT OF KNOX COUNTY, TENNESSEE**

CATHERINE F. QUIST
CIRCUIT COURT CLERK

| | | |
|---|---|---|
| BRADLEY A. BARNETT, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | No. 3-402-15 |
| | ) | |
| BIG GAME TREESTANDS, INC., | ) | |
| MAINSTREAM HOLDINGS, INC. and | ) | |
| GANDER MOUNTAIN COMPANY, | ) | |
| | ) | |
| *Defendants.* | ) | |

### COMPLAINT

Comes now the Plaintiff, Bradley A. Barnett, and hereby files his Complaint and states his

cause of action against Defendants, Big Game Treestands, Inc., Mainstream Holdings, Inc. and

Gander Mountain Company, and states further as follows:

### PARTIES, JURISDICTION AND VENUE

1.      Bradley Barnett is a resident of the State of Tennessee living in the County of

Morgan.

2.      Defendant Big Game Treestands, Inc. (hereinafter referred to as "Big Game") is a

corporation doing business in the State of Tennessee with its principal address at 1820 N. Redding

Avenue, Windom, Minnesota, 56101. Big Game is subject to personal jurisdiction in this state as it

markets its products within the state of Tennessee and derives substantial profits through the sale of

its products in the state of Tennessee.  Big Game may be served through its registered agent for

service of process, Todd Quiring, 1820 N. Redding Avenue, Windom, Minnesota, 56101.

1

3. Defendant Mainstream Holdings, Inc. (hereinafter referred to as "Mainstream") is a holding corporation for Big Game doing business in the State of Tennessee with its principal address at 1820 N. Redding Avenue, Windom, Minnesota, 56101. Mainstream is subject to personal jurisdiction in this state as it markets its products within the state of Tennessee and derives substantial profits through the sale of its products in the state of Tennessee. Mainstream may be served through its registered agent for service of process, Todd Quiring, 1820 N. Redding Avenue, Windom, Minnesota, 56101.

4. Defendant Gander Mountain Company (hereinafter "Gander"), is a corporation licensed to do business in the State of Tennessee with its principal place of business at 180 5th Street East, Suite 1300, Saint Paul, Minnesota, 55101-1664. Gander is subject to personal jurisdiction in this state as it markets its products within the state of Tennessee and derives substantial profits through the sale of its products in the state of Tennessee. Gander may be served through its registered agent for service of process, CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, Tennessee, 37929-9710.

5. This Court has jurisdiction over the subject matter in that the product in question was purchased in Knox County, Tennessee.

6. Venue is proper pursuant to Tenn. Code Ann. § 20-4-104.

## FACTS

6. On or about August 11, 2014, Plaintiff Bradley Barnett was a patron at Gander's store located at 11501 Parkside Drive, Farragut, Tennessee. On that date, Barnett purchased from the Gander Mountain store a CR4850-S The Guardian tree stand (hereinafter "Guardian") manufactured by Big Game and Mainstream.

2

7.    On or about August 17, 2014, while preparing to assemble the Guardian tree stand, Plaintiff Bradley Barnett reviewed the assembly and installation instructions, otherwise known as the "Field Installation" instructions provided with the tree stand. Plaintiff Bradley Barnett prepared, assembled and ascended the Guardian tree stand pursuant to the Field Installation instructions provided with the tree stand.

8.    In preparing, assembling and installing the tree stand pursuant to the Field Installation instructions, Plaintiff Bradley Barnett ascended the tree stand in order to secure the upper portion of the tree stand to the tree with a ratchet strap. While utilizing the tree stand for the purpose for which it was intended and only seconds after reaching the top of the tree stand, it failed by collapsing at the ladder frame junction, which was secured by the metal sleeve, causing Plaintiff to fall to the ground from the tree stand and suffer injuries.

## COUNT I - STRICT LIABILITY – BIG GAME & MAINSTREAM

8.    Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

9.    Big Game and Mainstream manufactured, designed, supplied, warranted, sold and placed on the market and into the stream of commerce a defective and unreasonably dangerous product, namely the tree stand, knowing that it would reach consumers without substantial change in the condition in which it was sold and that, at the time the tree stand left Big Game's and Mainstream's control, it was defective and in an unreasonably dangerous condition.

10.    Big Game and Mainstream had a duty to provide users and consumers with Field Installation instructions, including but not limited to the verbal descriptions for assembly, visualization diagrams for assembly, action diagrams for assembly, warnings and general instructions,

3

which should have correctly and properly described and portrayed the assembly of the tree stand for users and consumers.

16.    The tree stand was unreasonably dangerous and defective because it had inadequate and incorrect Field Installation instructions regarding the assembly, construction and installation of the tree stand in that the tree stand was not properly secured so as to prevent collapse of the ladder, causing a user to fall. The Field Installation instructions and warnings were defective and exposed the user to an unreasonable risk of harm. The Field Installation instructions failed to warn users of the consequences of the improper assembly, construction and installation of the tree stand.

17.    The tree stand's Field Installation instructions, including but not limited to the verbal descriptions for assembly, visualization diagrams for assembly, action diagrams for assembly, warnings and general instructions were defective and unreasonably dangerous because they incorrectly instructed the user in the assembly of the ladder frame, failed to protect against a potential collapse of the tree stand, and failed to protect an ordinary and foreseeable user from potentially falling therefrom.

18.    Big Game and Mainstream knowingly failed to adequately test the tree stand and its mounting system by following the Field Installation instructions as written to confirm that such instructions were correct, and therefore knowingly placed the incorrect Field Installation instructions for the tree stand into the stream of commerce.

19.    Had Big Game and Mainstream provided an appropriately designed and tested tree stand with appropriate assembly instructions and warnings, Bradley Barnett would not have sustained serious and severe injuries in this foreseeable accident sequence.

4

20.     As a direct and proximate result of Big Game's and Mainstream's conduct, Bradley Barnett sustained serious and severe injuries.  Plaintiff Bradley Barnett has additionally suffered substantial damages for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

### COUNT II - NEGLIGENCE – BIG GAME & MAINSTREAM

21.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

22.     At all times relevant to the Complaint, Big Game and Mainstream owed to the general public, including the Plaintiff, Bradley Barnett, a duty to design, manufacture and market only such tree stands as were not defective and/or unreasonably dangerous to use.

23.     Big Game and Mainstream breached their duty to Plaintiff by manufacturing and marketing the tree stand in a defective and/or unreasonably dangerous condition, including but not limited to failing to manufacture, design, and draft the Field Installation instructions and warnings on the assembly, construction and installation of the tree stand so as to  protect an ordinary and foreseeable user in its reasonably anticipated use.

24.     The tree stand was not materially altered prior to the accident.

25.     The tree stand was dangerously defective and unsafe for normal and foreseeable use by and in the presence of the public because of its unsafe design, defective manufacture, inadequate Field Installation instructions and warnings and inadequate assembly instructions.

5

26.    . Big Game and Mainstream failed to exercise reasonable care in the manufacture,

design and instructions for the assembly of the tree stand and it was defective and unreasonably

dangerous to foreseeable users, including Plaintiff Bradley Barnett.

27.    Big Game and Mainstream knowingly failed to adequately inspect and/or test the tree

.stand and its Field Installation instructions before and during the design, production and sale to the

public, and/or its knowing placement of the dangerously designed tree stand in the stream of

commerce.

28. .    Big Game and Mainstream recklessly and/or knowingly failed to warn of the potential

·dangers posed to consumers and the public by the use of the tree stand.

·29.    As a direct and proximate result of Big Game's and Mainstream's negligent conduct,

Bradley Barnett sustained serious and severe injuries.  Plaintiff Bradley Barnett has additionally

suffered substantial damages for which recovery is provided pursuant to the product liability statute,

Tenn. Code Ann. § 29-28-101 *et seq.*

### COUNT III - BREACH OF WARRANTY – BIG GAME & MAINSTREAM

30.    Plaintiff incorporates by reference the allegations contained in the above paragraphs as

if set forth fully herein.

31.    Big Game and Mainstream are aware that all tree stands sold in the United States must

comply with the Treestand Manufacturers Association standards.  By selling its products, Big Game

and Mainstream are required to and do represent that their tree stands comply with said safety

standards.

6

32.     Big Game and Mainstream are aware that consumers rely on their representations regarding tree stand safety and assembly, including the Field Installation instructions, when choosing to buy their tree stands.

33.     Big Game and Mainstream warranted, both expressly and impliedly, through their advertisements and sales representatives, that the subject tree stand was of merchantable quality, fit for the ordinary purpose for which it was distributed.

34.     Because of the defective and unreasonably dangerous tree stand construction, Field Installation instructions and warnings, as more fully described above, the tree stand failed to prevent injury during a foreseeable accident.

35.     The tree stand was neither of merchantable quality nor reasonably fit to be used for the purpose for which it was intended.

36.     The defective and/or unreasonably dangerous condition of the tree stand constituted a breach of Big Game's and Mainstream's express and implied warranties.

37.     As a direct and proximate result of Big Game's and Mainstream's conduct, Bradley Barnett sustained serious and severe injuries. Plaintiff has additionally suffered substantial damages for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

### COUNT IV – FAILURE TO WARN – BIG GAME & MAINSTREAM

38.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

7

39.     As is more fully described above, Big Game and Mainstream designed and/or manufactured a defective and unreasonably dangerous tree stand, namely the Guardian tree stand herein.

40.     The tree stand was rendered further unreasonably dangerous because inadequate Field Installation instructions were included that it failed to warn about hazards while assembling and/or using the tree stand with the defects described above. Such defective and unreasonably dangerous condition existed at the time it left the control of Big Game and Mainstream.

41.     The tree stand possessed characteristics, as more fully described above, which caused injuries and damages to users and consumers, and Big Game and Mainstream failed to use reasonable care to provide adequate Field Installation instructions and/or warnings of such characteristics and its dangers to users of the tree stand, including Plaintiff Bradley Barnett.

42.     Big Game and Mainstream knew or in the exercise of reasonable diligence should have known that the Field Installation instructions in the model purchased by Plaintiff Bradley Barnett were incorrect, and yet said defendants failed and/or refused to issue a recall or otherwise alert users and consumers of the inadequacies contained within the Field Installation instructions.

43.     Users of the Guardian tree stand, including Plaintiff Bradley Barnett, did not know and should not have been expected to know of the characteristics of the tree stand and/or its Field Installation instructions that had the potential to cause injuries and damages, and the dangers of such characteristics.

44.     As a direct and proximate result of Big Game's and Mainstream's conduct, Bradley Barnett sustained serious and severe injuries. Plaintiff has additionally suffered substantial damages

8

for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

## COUNT V – NEGLIGENCE – GANDER

84.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

85.     At all times relevant to the Complaint, Gander owed to the general public, including Plaintiff Bradley Barnett, a duty to market only such tree stands as were not defective and/or unreasonably dangerous to use.

86.     Gander breached its duty to Plaintiff Bradley Barnett by marketing and selling tree stands in a defective and/or unreasonably dangerous condition when it knew of such condition and should have, in the exercise of reasonable care, prohibited such sale. The tree stand did not adequately protect the ordinary user from potential fall due to inadequate mounting and installation instructions in ordinary and foreseeable use.

87.     As a direct and proximate result of Gander's conduct, Bradley Barnett sustained serious and severe injuries.  Plaintiff Bradley Barnett has additionally suffered substantial damages for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

## COUNT VI – BREACH OF WARRANTY – GANDER

88.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

9

89.     Gander warranted, both expressly and impliedly through its advertisements, that the tree stand was of merchantable quality, fit for the ordinary purpose for which it was sold.

90.     Bradley Barnett was a foreseeable user of the tree stand.

91.     At the time of the accident, the tree stand was being used in a reasonably anticipated and intended manner by Plaintiff Bradley Barnett.

92.     Bradley Barnett relied upon Gander to market and distribute a merchantable and suitable tree stand, fit for the purpose for which it was intended.

93.     As a direct and proximate result of Gander's conduct, Bradley Barnett sustained serious and severe injuries. Plaintiff Bradley Barnett has additionally suffered substantial damages for which recovery is provided pursuant to the product liability statute, Tenn. Code Ann. § 29-28-101 *et seq.*

## COUNT VII – INTENTIONAL AND RECKLESS BEHAVIOR – PUNITIVE DAMAGES

94.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

95.     The actions and failures to take action of the defendants, and each of them, were taken wantonly, knowingly and willfully, constituting gross negligence in that their conduct amounted to a heedless and reckless disregard for the rights and safety of others affected by such actions and failures to take action. Such acts and failures to take action amounted to such a want of care as to constitute conscious indifference to the rights, welfare and/or safety of the persons affected by them, including plaintiff.

10

## DAMAGES

97.     Plaintiff incorporates by reference the allegations contained in the above paragraphs as if set forth fully herein.

98.     As a direct and proximate result of Defendants' conduct, Plaintiff Bradley Barnett sustained serious and severe injuries. Bradley Barnett has suffered substantial damages for which recovery is provided pursuant to the Tennessee Products Liability Act of 1978, Tenn. Code Ann. § 29-28-101 *et seq.*, including but not limited to damages for pain and suffering, loss of financial support, lost wages and past and future medical expenses. Plaintiff Bradley Barnett therefore seeks a judgment against each of the Defendants, jointly and severally, in an amount be determined by the jury, but not to exceed five million dollars ($5,000,000.00).

99.     In addition, the Defendants Big Game's, Mainstream's and Gander's acts and omissions as set set forth above were taken wantonly, knowingly and willfully, constituting gross negligence in that their conduct amounted to a heedless and reckless disregard for the rights and safety of others affected by such actions and failures to take action. Such acts and failures to take action amounted to such a want of care as to constitute conscious indifference to the rights, welfare and/or safety of the persons affected by them, including plaintiffs, in an amount to be set by the jury, to deter such conduct in the future, to punish Big Game, Mainstream and Gander and to make a public example of them.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays for relief as to all Counts as follows:

1.     That a trial by jury be had on all issues;

2.     That Plaintiff have and recover a judgment for compensatory damages against Defendants Big Game, Mainstream and Gander;

11

3.     That Plaintiff have and recover a judgment for punitive damages against Defendants Big Game,

Mainstream and Gander for their conscious and reckless indifference to the safety of the Plaintiff, Bradley Barnett;

4.     That Plaintiff recover costs, including but not limited to court costs, of this cause and interest as

allowed by law;

5.     That Plaintiff have and receive any other and further relief to which he may show himself justly

entitled.

Respectfully submitted,

PATRICK M. ARDIS (TN Bar # 8263)
WOLFF ARDIS, P.C.
5810 Shelby Oaks Drive
Memphis, TN 38134
Telephone (901) 763-3336
Facsimile (901) 763-3376
E-mail pardis@wolffardis.com
           ggaia@wolffardis.com


DOUGLAS C. WEINSTEIN (TN Bar #015315)
RUTHERFORD ◆ WEINSTEIN LAW GROUP PLLC
418 South Gay Street, Suite 204
P.O. Box 1668
Knoxville, TN 37901-1668
Telephone (865) 544-0550
Facsimile (865) 637-2372
E-mail dcw@knoxlawyers.com

*Counsel for Plaintiffs*

12

**COST BOND**

We acknowledge ourselves as surety for all costs, taxes and damages in this case in accordance with T.C.A. §20-12-120.

DOUGLAS C. WEINSTEIN

FILED
2015 JUL 31 AM 9 39
CATHERINE F. QUIST
CIRCUIT COURT CLERK

13

# CT Packing Slip



**CT Corporation**

**FedEx Tracking #:** 781128159139
**Created By:** Matt Honer
**Created On:** 08/10/2015 04:18 PM
**Recipient:**

Title: —
Customer: Gander Mountain Company
Address: 180 5th St E Ste 1300
Email: annie.parks@gandermountain.com
Phone: 651-325-4590      Fax: 651-325-2006

**Package Type:** Envelope
**Items shipped:** 1

| 527613465 | 340216 | Gander Mountain Company |