IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

BRADLEY A. BARNETT,

    Plaintiff,

v.

BIG GAME TREESTANDS, INC.,
MAINSTREAM HOLDINGS, INC. and
GANDER MOUNTAIN COMPANY,

    Defendants.

Case No. 3:15-cv-400
JURY DEMAND

___

## DEFENDANTS BIG GAME TREESTANDS, INC. AND MAINSTREAM HOLDINGS, INC.'S, ANSWER TO COMPLAINT

___

COME now Defendants Big Game Treestands, Inc. (hereinafter "Big Game" and Mainstream Holdings, Inc. (hereinafter "Main Stream), ("answering defendants") through their attorneys, hereby answer Plaintiff's Complaint as follows:

## PARTIES AND JURISDICTION

1. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 1.

2. Answering Defendant Big Game admits it distributes for certain sale treestand products, including to the State of Tennessee. Answering Defendant Big Game further does not contest that it is a Minnesota company with its principal place of business in Minnesota. Answering Defendant Big Game further does not contest that its registered agent is Todd Quiring, 120 N. Redding Avenue, Windom, MN 56101. Answering Defendant Big Game is

without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies the remaining allegations contained in paragraph 2.

3. Answering Defendant Main Stream was not the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing this treestand into the stream of commerce. Answering Defendant Main Stream further does not contest that it is a Minnesota company with its principal place of business in Minnesota. Answering Defendant Main Stream further does not contest that its registered agent is Todd Quiring, 120 N. Redding Avenue, Windom, MN 56101. Answering Defendant Main Stream is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies the remaining allegations contained in paragraph 3.

4. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 4.

5. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 5.

6. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 6.

## FACTS

6. [SIC] Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 6.

7. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 7.

8. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 8.

## COUNT I – STRICT LIABILITY – BIG GAME & MAINSTREAM

8. [SIC] Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 8 [sic] above as though fully set forth herein.

9. Answering Defendants deny the allegations contained in paragraph 9.

10. Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering Defendants do not deny that the treestand described in Plaintiff's Complaint was co-packaged with instructions. Answering Defendants deny the remaining allegations contained in paragraph 10.

16. [SIC] Answering Defendants deny the allegations contained in paragraph 16.

17. [SIC] Answering Defendants deny the allegations contained in paragraph 17.

18. [SIC] Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering Defendants deny the remaining allegations in paragraph 18.

19. [SIC] Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering Defendants deny the remaining allegations in paragraph 19.

20. [SIC] Answering Defendants deny the allegations in paragraph 20.

## COUNT II – NEGLIGENCE – BIG GAME & MAINSTREAM

21. Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 20 above as though fully set forth herein.

22. Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering Defendants do not deny that Big Game designs, manufacturers, and markets treestands which are reasonably safe and are not defective. Answering Defendant Big Game admits the subject treestand was not defective, but safe for use. Answering Defendant Big Game denies the remaining allegations contained in paragraph 22.

23. Answering Defendants deny the allegations contained in paragraph 23.

24. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 24.

25. Answering Defendants deny the allegations contained in paragraph 25.

26. Answering Defendants deny the allegations contained in paragraph 26.

27. Answering Defendants deny the allegations contained in paragraph 27.

28. Answering Defendants deny the allegations contained in paragraph 28.

29. Answering Defendants deny the allegations contained in paragraph 29.

**COUNT III – BREACH OF WARRANTY – BIG GAME & MAINSTREAM**

30. Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 29 above as though fully set forth herein.

31. Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering Defendant Big Game admits that its treestands are certified to meet the Treestand Manufacturers' Association's standards but has

4

Case 3:15-cv-00400-PLR-CCS   Document 3   Filed 09/15/15   Page 4 of 14   PageID #: 30

not had an opportunity to examine the treestand alleged to be involved as referenced in the Complaint. Answering Defendants deny the remaining allegations in paragraph 31.

32. Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 32.

33. Answering Defendant Main Stream denies that it was the manufacturer or distributor of the treestand described in Plaintiff's Complaint and had no involvement with placing the treestand into the stream of commerce. Answering Defendant Big Game does not dispute that the treestands it manufactures and distributes are fit for the ordinary purpose for which it was distributed. Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and thus denies the remaining allegations contained in paragraph 33.

34. Answering Defendants deny the allegations contained in paragraph 34.

35. Answering Defendants deny the allegations contained in paragraph 35.

36. Answering Defendants deny the allegations contained in paragraph 36.

37. Answering Defendants deny the allegations contained in paragraph 37.

## COUNT IV- FAILURE TO WARN – BIG GAME & MAINSTREAM

38. Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 37 above as though fully set forth herein.

39. Answering Defendants deny the allegations contained in paragraph 39.

40. Answering Defendants deny the allegations contained in paragraph 40.

41. Answering Defendants deny the allegations contained in paragraph 41.

42. Answering Defendants deny the allegations contained in paragraph 42.

43. Answering Defendants deny the allegations contained in paragraph 43.

44. Answering Defendants deny the allegations contained in paragraph 44.

### COUNT V- NEGLIGENCE – GANDER

84. [SIC] Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 44 above as though fully set forth herein.

85. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph 85.

86. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering Defendants deny the allegations contained in paragraph 86.

87. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering Defendants deny the allegations contained in paragraph 87.

### COUNT VI – BREACH OF WARRANTY – GANDER

88. [SIC] Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 88 [sic] above as though fully set forth herein.

89. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering

defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph

90. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph

91. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph

92. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus deny the allegations contained in paragraph

93. [SIC] The allegations in this paragraph are not directed at the Answering Defendants and no response is required. To the extent an answer is required, Answering Defendants Deny the allegations contained in paragraph 93.

**COUNT VII – INTENTIONAL AND RECKLESS BEHAVIOR – PUNITIVE DAMAGES**

94. [SIC] Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 94 above as though fully set forth herein.

95. [SIC] Answering Defendants deny the allegations set forth in paragraph 95.

## DAMAGES

97. [SIC] Defendants hereby incorporate by reference the answers contained in paragraphs 1 through 95 above as though fully set forth herein.

98. [SIC] Answering Defendants deny the allegations set forth in paragraph 98.

99. [SIC] Answering Defendants deny the allegations set forth in paragraph 99.

## PRAYER FOR RELIEF

WHEREFORE, Answering Defendants request this Court dismiss this action with prejudice and award costs and attorney fees wrongfully incurred.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND DEFENSE

The Answering Defendants aver that the Plaintiff was himself guilty of negligence which directly and proximately caused or contributed to the accident as alleged in the Complaint herein. That said Plaintiff's negligence in this regard serves as a complete and total bar to any recovery herein. Alternatively, the Answering Defendants aver that the negligence on the part of said Plaintiff serves to reduce, mitigate and diminish any award otherwise recoverable by the Plaintiff, or any of them, in this cause pursuant to the doctrine of modified comparative fault in full force and effect in Tennessee at all pertinent times.

### THIRD DEFENSE

For further affirmative defense, the Answering Defendants aver that the accident as described in the Complaint herein, was directly and proximately caused or contributed to by the actions of parties for whom this Defendant would not be liable or responsible. Specifically, said

accident and any resulting damages, losses or expenses were directly and proximately caused by the acts and/or omissions on the part of the Plaintiff.

## FOURTH DEFENSE

For further affirmative defense, the Answering Defendants aver that the accident, as described in the Complaint herein, and the claimed damages, losses and expenses, if any there be, would have been the direct and proximate result of the independent intervening acts of persons or entities other than the Answering Defendants and for which the Answering Defendants would not be liable or responsible.

## FIFTH DEFENSE

For further affirmative defense, Answering Defendants allege and aver, and in the alternative, that its product was at all times designed and manufactured in a reasonable, proper and prudent manner for its intended purposes and reasonably anticipated uses and that the Answering Defendant Big Game's product did not contain any defects nor was it unreasonably dangerous for its intended and expected uses, and if any defect ever existed in reference to this product of the Answering Defendant Big Game, which is specifically and categorically denied, then such condition would have arisen and come about as a result of the act and/or omissions of others than the Answering Defendant Big Game and after it left the hands, possession and control of the Answering Defendant Big Game.

## SIXTH DEFENSE

For further affirmative defense, the Answering Defendants aver that at all times relevant and material hereto, there existed in the State of Tennessee the "Tennessee Products Liability Act of 1978," T.C.A. 29-28-101, et seq., and the Answering Defendants incorporate said Act into its

9

Answer to the full extent as if copied verbatim herein and rely upon all provisions thereof in defense of the matters asserted in the Plaintiff's Complaint.

## SEVENTH DEFENSE

For further affirmative defense, the Answering Defendants allege and aver, and in the alternative, that any damages, losses or expenses to the Plaintiff would have been due to alteration and/or abnormal use of its produce or improper use of said product and that the Answering Defendants would not be liable to the Plaintiff for any damages whatsoever in this cause under the Tennessee Products Liability Act, the common law or any other theory asserted by the Plaintiff in the Complaint.

## EIGHTH DEFENSE

For further, separate and alternative affirmative defense, Answering Defendant Big Game alleges and avers, and in the alternative, that Answering Defendant Big Game complied with the customary design, methods, standards and techniques of manufacturing, inspecting and/or testing, and with all requirements of all governmental authorities and, therefore, its product was not in any manner defective nor unreasonably dangerous at the time same left the control of the Answering Defendant Big Game.

## NINTH DEFENSE

For further affirmative defense and in the event that the Plaintiff's Complaint could be interpreted as making a warranty claim, the Answering Defendants aver that it did not make or give to the Plaintiff any warranties applicable to this litigation and, further, that in any event the Answering Defendants breached no warranties, either expressed or implied.

## TENTH DEFENSE

For further affirmative defense, it is averred that if the Plaintiff's Complaint could be interpreted as making a warranty claim, any such claim is barred by the Plaintiff's failure to give the notice required pursuant to T.C.A. § 47-2-714.

## ELEVENTH DEFENSE

The Plaintiff lacks standing to bring his claims against the Answering Defendants.

## TWELFTH DEFENSE

The Plaintiff has failed to mitigate his damages as he is required to do by law.

## THIRTEENTH DEFENSE

The Answering Defendants emphatically deny any defect in the subject treestand as alleged in Plaintiff's Complaint. However, if any defect(s) in the subject treestand did exist, the Answering Defendants affirmatively assert and rely upon the "state of the art" defense. Specifically, the plans or designs for the subject treestand and/or the methods and techniques of manufacturing, inspecting, testing and labeling the subject treestand, conformed with the state of the art at the time the product was first sold by Answering Defendant Big Game. As such, the alleged dangerous nature of the subject treestand was not known and could not reasonably be discovered at the time the product was placed into the stream of commerce. Further, abnormal use of the subject, by the Plaintiff, and/or some unknown third party, was not reasonably foreseeable by the Answering Defendant Big Game and as a result, said abnormal use acts as a complete bar to any recovery the by the Plaintiff.

**FOURTEENTH DEFENSE**

The Plaintiffs failed to exercise reasonable care and caution for his own safety and such conduct was the sole and/or contributing cause of Plaintiffs' own injuries and damages alleged.

**FIFTEENTH DEFENSE**

When the product left the control of the Defendants, it conformed with all applicable public and private product standards.

**SIXTEENTH DEFENSE**

Plaintiffs' alleged accident and injuries, if any, were caused by Plaintiffs' abuse and/or misuse of the product.

**SEVENTEENTH DEFENSE**

The product about which Plaintiffs complain, was materially altered and/or modified after it left the control of the Defendants.

**EIGHTEENTH DEFENSE**

Plaintiffs' voluntarily assumed a known and obvious risk to his safety, which bars any recovery herein.

**NINETEENTH DEFENSE**

The risk of harm of which Plaintiffs complain was open and obvious and/or a matter of common knowledge.

**TWENTIETH DEFENSE**

Answering Defendants affirmatively assert that at the time of the accident that is the subject matter of this dispute, the Plaintiff was not wearing his safety harness in violation of safe hunting practices, and that the injuries suffered by the Plaintiffs were directly and proximately

12

caused by said Plaintiff's failure to where his safety harness.  As such, Answering Defendants raise the defense of comparative fault, and intend to rely upon all defenses provided for in Tenn. Code Ann.

WHEREFORE, having fully answered the Complaint filed herein against it, Answering Defendants, reserve the right to amend this Answer and respectfully pray that the action against them be dismissed and that they be allowed to go hence with their reasonable costs.

The Answering Defendants respectfully demand a jury of 12 to try the issues when joined.

Respectfully submitted,

**SPICER RUDSTROM, PLLC**

By: \s\Clint J. Woodfin
Clint J Woodfin(#016346)
Attorney for Defendants
800 S. Gay Street, Suite 1400
Knoxville, TN 37929
T: (865) 673-8516
F: (865) 673-8972
cjw@spicerfirm.com

MILTON S. KARFIS
BISHOP A. BARTONI
*Pro Hac Vice Admission to be filed*
CLARK HILL PLC
Attorneys for Defendants
151 S. Woodward Avenue, Suite 200
Birmingham, MI 48009
T: (248) 642-9692
F: (248) 642-2174
mkarfis@clarkhill.com
bbartoni@clarkhill.com

*Attorney for Defendants*

13

## CERTIFICATE OF SERVICE

  I hereby certify that on September 15, 2015, the Clerk of Court was requested to file a copy of the foregoing Answer. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

               /s/ Clint J. Woodfin
               CLINT J. WOODFIN